FILED

MARIA YANEZ
135 W. AVENUE 26 #3
LOS ANGELES, CA. 90031
PH: 323-338-8169
NO FAX
NO EMAIL

2020 JAN -3 AM 9: 39

CLERK U... 'T COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE

BY

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CV-20-00054

| | |
|---|---|
| GREEN4, LLC, A CA LTD. LIAB. CO. | Civil Action No._____ |
| Plaintiff, | NOTICE OF REMOVAL<br>UNDER 28 U.S.C. § 1331 and 1441 |
| vs. | |
| AMELIA HIDALGO DE BERNAL, MARIA YANEZ AND OTONIEL LANDA  DOES 1 TO 10 | SUPERIOR COURT OF CALIFORNIA<br>CASE# 19STUD09670 |
| Defendant | |

TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND ITS ATTORNEYS OF RECORD.

Pursuant to 28 U.S.C. § 1331 and 1441, the Defendant(s), MARIA YANEZ, Pro Se, files this Notice of Removal of this case from The Superior Court of California, County of Los Angeles to The United States Central District Court for the District of California. In support of this Notice of Removal, Defendant(s) states as follows:

## I. THE PROCEDURE REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about October 3rd, 2019, GREEN4, LLC, A CA LTD. LIAB. CO. ("Plaintiff") filed an Unlawful Detainer action in Superior Court of California, County of Los Angeles, entitled, GREEN4, LLC, A CA LTD. LIAB. CO., (PLAINTIFF) v. AMELIA HIDALGO DE BERNAL, MARIA YANEZ AND OTONIEL LANDA DOES 1 TO 10, (DEFENDANT).

1. This removal is therefore timely because it is not barred by the provisions of 28 U.S.C. 1446(b).d
2. No Previous request has been made for the relief requested.
3. The Superior Court of California for the County of Los Angeles is located with this District of California. SEE 28 U.S.C. 84(c)(1). Thus, venues is proper in this court because it is the "District and Division embracing the place where such action is pending." 28 U.S.C. 1441(a).
4. This action is removable to the instant Court because it originally could have been filed in this court pursuant to 28 U.S.C. 1441(a) and / or (b). The complaint presents federal questions. Supplemental Jurisdiction exists with the respect to any remaining claims pursuant to 28 U.S.C. 1367.

## II. FEDERAL QUESTION: REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. 1331 AND 1441

5. The complaint for the Unlawful Detainer was filed by The Plaintiff for Non-Payment. However, Defendant(s) withheld rend due to Plaintiff Discriminating against Defendant by Violating **FAIR HOUSING ACT and 42 U.S.C. 3604(f)(3)(A)** by refusing to permit reasonable modification of the premises necessary to afford full enjoyment of the premises to Defendant roommate(s) and co-tenant(s) who is physically handicapped.
6. The Defendant(s) and Co-Tenant(s) has also been discriminated against due to the building *NOT* being up to code by violating
    A. **42 U.S.C. 3604 (f)(3)(C)(ii)**-stating all doors… within such dwelling are sufficiently wide to allow passage by handicapped persons in wheelchairs;

B. **42 U.S.C. 3604 (f)(3)(C)(II)**-stating light switches, electrical outlets, thermostats, and other environmental controls in be accessible locations;

C. **42 U.S.C. (f)(3)(C)(III)**-stating reinforcements in the bathrooms walls to allow later installation of grab bars;

D. **42 U.S.C. (f)(3)(C)(IV)**-stating that usable kitchens and bathrooms such that an individual in a wheelchair can maneuver about the space.

7. Federal question jurisdiction exists because Defendants pleading depend on the determination of Defendant's Rights and Plaintiff's duties under Federal Law. Wherefore, MARIA YANEZ respectfully removes this action from The California Superior Court for The County of Los Angeles to this Court pursuant to 28 United States code Sections 1331 and 1441.

DATED:   12/27/2019         By: _____
                                MARIA YANEZ, IN PRO SE

## CERTIFICATE OF SERVICE BY MAIL

The undersigned hereby certifies that on 12/27/2019, he served a copy of

## NOTICE OF REMOVAL

By placing said copy in an envelope addressed to the person(s) hereinafter named, at the places and address shown below, which are the last known addresses, and mailing said envelope and contents in the U.S. Mail in Long Beach, California

| Law Offices of: | DENNIS P BLOCK |
| | 5437 LAUREL CANYON BLVD. |
| | 2ND FLOOR |
| | VALLEY VILLAGE, CA 91607 |

_/s/ Juan Perez_
Juan Perez

PROOF OF SERVICE OF NOTICE OF REMOVING CASE TO THE FEDERAL COURT- 4

EXHIBIT "A"



Electronically FILED by Superior Court of California, County of Los Angeles on 10/03/2019 12:08 PM Sherri R. Carter, Executive Officer/Clerk of Court, by G. Villarreal, Deputy Clerk

19STUD09670

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Gail Killefer

**UD-100**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Dennis P. Block, Esq.    SBN: 70194  DENNIS P. BLOCK AND ASSOCIATES  5437 Laurel Canyon Blvd., 2nd Floor, Valley Village, CA 91607  TELEPHONE NO.: 323 938-2868   FAX NO. (Optional): 323 938-6069  E-MAIL ADDRESS (Optional): dennis@evict123.com  ATTORNEY FOR (Name): Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

PLAINTIFF: GREEN4, LLC, A CA LTD. LIAB. CO.

DEFENDANT: AMELIA HIDALGO DE BERNAL, MARIA YANEZ AND OTONIEL LANDA

[X] DOES 1 TO 10

**COMPLAINT — UNLAWFUL DETAINER**
[X] COMPLAINT [ ] AMENDED COMPLAINT (Amendment Number): ____

CASE NUMBER: **19STUD09670**

**Jurisdiction** (check all that apply):
[X] **ACTION IS A LIMITED CIVIL CASE**
Amount demanded [X] does not exceed $10,000
[ ] exceeds $10,000 but does not exceed $25,000
[ ] **ACTION IS AN UNLIMITED CIVIL CASE** (amount demanded exceeds $25,000)
[ ] **ACTION IS RECLASSIFIED** by this amended complaint or cross-complaint (check all that apply):
[ ] from unlawful detainer to general unlimited civil (possession not in issue)
[ ] from unlawful detainer to general limited civil (possession not in issue)
[ ] from limited to unlimited
[ ] from unlimited to limited

1. PLAINTIFF (name each): Green4, Llc, A Ca Ltd. Liab. Co.

   alleges causes of action against DEFENDANT (name each): Amelia Hidalgo De Bernal, Maria Yanez and Otoniel Landa

2. a. Plaintiff is (1) [ ] an individual over the age of 18 years. (4) [ ] a partnership.
   (2) [ ] a public agency. (5) [ ] a corporation.
   (3) [X] other (specify): A CALIFORNIA LIMITED LIABILITY COMPANY
   b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. Defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
   135 W. AVENUE 26, #3, LOS ANGELES, CA 90031

4. Plaintiff's interest in the premises is [ ] as owner [X] other (specify): Landlord-Owner
5. The true names and capacities of defendants sued as Does are unknown to plaintiff.
6. a. On or about (date): 02/22/2012       defendant (name each): Amelia Hidalgo De Bernal, Maria Yanez and Otoniel Landa

   (1) agreed to rent the premises as a [X] month-to-month tenancy [ ] other tenancy (specify):
   (2) agreed to pay rent of $1,650.00       payable [X] monthly [ ] other (specify frequency):
   (3) agreed to pay rent on the [X] first of the month [ ] other day (specify):
   b. This [X] written [ ] oral agreement was made with
   (1) [ ] plaintiff. (3) [ ] plaintiff's predecessor in interest.
   (2) [X] plaintiff's agent. (4) [ ] other (specify):

* NOTE: Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Form Approved for Optional Use
Judicial Council of California
UD-100 (Rev. July 1, 2005)

**COMPLAINT—UNLAWFUL DETAINER**

Page 1 of 3
Civil Code, § 1940 et seq.
Code of Civil Procedure §§ 425.12, 1166
www.courtinfo.ca.gov



| PLAINTIFF (Name): GREEN4, LLC, A CA LTD. LIAB. CO. | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): AMELIA HIDALGO DE BERNAL, MARIA YANEZ AND OTONIEL LANDA | |

6. c. ☐ The defendants not named in item 6a are
   (1) ☐ subtenants.
   (2) ☐ assignees.
   (3) ☐ other (specify):

   d. ☐ The agreement was later changed as follows (specify):

   e. ☐ A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. (Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)
   f. ☒ (For residential property) A copy of the written agreement is not attached because (specify reason):
   (1) ☐ the written agreement is not in the possession of the landlord or the landlord's employees or agents.
   (2) ☒ this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. ☒ a. Defendant (name each): Amelia Hidalgo De Bernal, Maria Yanez and Otoniel Landa

   was served the following notice on the same date and in the same manner:
   (1) ☒ 3-day notice to pay rent or quit      (4) ☐ 3-day notice to perform covenants or quit
   (2) ☐ 30-day notice to quit                 (5) ☐ 3-day notice to quit
   (3) ☐ 60-day notice to quit                 (6) ☐ Other (specify):

   b. (1) On (date): 09/24/2019    the period stated in the notice expired at the end of the day.
      (2) Defendants failed to comply with the requirements of the notice by that date.
   c. All facts stated in the notice are true.
   d. ☒ The notice included an election of forfeiture.
   e. ☒ A copy of the notice is attached and labeled Exhibit 2. (Required for residential property. See Code Civ. Proc., § 1166.)
   f. ☐ One or more defendants were served (1) with a different notice, (2) on a different date, or (3) in a different manner, as stated in Attachment 8c. (Check item 8c and attach a statement providing the information required by items 7a–e and 8 for each defendant.)

8. a. ☒ The notice in item 7a was served on the defendant named in item 7a as follows:
   (1) ☒ by personally handing a copy to defendant on (date): 09/19/2019
   (2) ☐ by leaving a copy with (name or description):
        a person of suitable age and discretion, on (date):                    at defendant's
        ☐ residence ☐ business AND mailing a copy to defendant at defendant's place of residence on
        (date):                       because defendant cannot be found at defendant's residence or usual
        place of business.
   (3) ☐ by posting a copy on the premises on (date):                 ☐ AND giving a copy to a
        person found residing at the premises AND mailing a copy to defendant at the premises on
        (date):
        (a) ☐ because defendant's residence and usual place of business cannot be ascertained OR
        (b) ☐ because no person of suitable age or discretion can be found there.
   (4) ☐ (Not for 3-day notice; see Civil Code, § 1946 before using) by sending a copy by certified or registered mail addressed to defendant on (date):
   (5) ☐ (Not for residential tenancies; see Civil Code, § 1953 before using) in the manner specified in a written commercial lease between the parties.

   b. ☐ (Name):
      was served on behalf of all defendants who signed a joint written rental agreement.
   c. ☐ Information about service of notice on the defendants alleged in item 7f is stated in Attachment 8c.
   d. ☒ Proof of service of the notice in item 7a is attached and labeled Exhibit 3.

| PLAINTIFF (Name): GREEN4, LLC, A CA LTD. LIAB. CO. | CASE NUMBER: |
|---|---|
| DEFENDANT (Name): AMELIA HIDALGO DE BERNAL, MARIA YANEZ AND OTONIEL LANDA | |

9. ☐ Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.
10. ☒ At the time the 3-day notice to pay rent or quit was served, the amount of rent due was $ 6,750.00
11. ☒ The fair rental value of the premises is $ 55.00 per day.
12. ☐ Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). *(State specific facts supporting a claim up to $600 in Attachment 12.)*
13. ☒ A written agreement between the parties provides for attorney fees.
14. ☐ Defendant's tenancy is subject to the local rent control or eviction control ordinance of *(city or county, title of ordinance, and date of passage):*

Plaintiff has met all applicable requirements of the ordinances.

15. ☐ Other allegations are stated in Attachment 15.
16. Plaintiff accepts the jurisdictional limit, if any, of the court.
17. **PLAINTIFF REQUESTS**
    a. possession of the premises.
    b. costs incurred in this proceeding:
    c. ☒ past-due rent of $ 6,750.00
    d. ☒ reasonable attorney fees.
    e. ☒ forfeiture of the agreement.
    f. ☒ damages at the rate stated in item 11 from *(date):* 10/01/2019 for each day that defendants remain in possession through entry of judgment.
    g. ☐ statutory damages up to $600 for the conduct alleged in item 12.
    h. ☐ other *(specify):*

18. ☒ Number of pages attached *(specify):* 3

### UNLAWFUL DETAINER ASSISTANT (Bus. & Prof. Code, §§ 6400–6415)

19. *(Complete in all cases.)* An unlawful detainer assistant ☒ did not ☐ did for compensation give advice or assistance with this form. *(If plaintiff has received any help or advice for pay from an unlawful detainer assistant, state:)*
    a. Assistant's name:
    b. Street address, city, and zip code:
    c. Telephone No.:
    d. County of registration:
    e. Registration No.:
    f. Expires on *(date):*

Date: 09/25/2019

Dennis P. Block, Esq.
(TYPE OR PRINT NAME)                               ▶ (SIGNATURE OF PLAINTIFF OR ATTORNEY)

### VERIFICATION
*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 09/25/2019

See Attached Verification
(TYPE OR PRINT NAME)                               ▶ (SIGNATURE OF PLAINTIFF)

UD-100 [Rev. July 1, 2005]

**COMPLAINT—UNLAWFUL DETAINER**                    Page 3 of 3

